MILLS, Judge,
dissenting:
I dissent. The state’s entire case against appellant here consisted of the testimony of the off-duty police officer who had initially observed the Mercedes, the two officers who had arrested appellant, and a correctional officer who had checked appellant in at the county jail on the night of the arrest but who could not recall whether the controlled substances attributed to appellant were found in the saddlebag or on appellant’s person. There was no evidence linking appellant with the bag or any item in it, nor was there any indication that the offi *973 cers smelled marijuana in the car or discovered any paraphernalia or remains of marijuana jn the car before or after appellant’s arrest. Appellant’s story was supported by the testimony of two of the car dealership’s employees who stated that they had observed the saddlebag in the automobile while it was parked at the dealership before appellant had picked it up.
On this record, I believe the state failed to prove that appellant knowingly possessed marijuana or other controlled substances and thereby violated the terms of his probation. The uncontroverted facts establish that appellant did not own the car in which the substances were found and that the bag containing the substances had been in the car before it came into appellant’s brief possession. No connection between appellant and the bag was ever proved. Furthermore, even if the marijuana was in “plain view”, there was no evidence that appellant saw it or could have recognized it as an illegal substance. The evidence was insufficient to prove the offense, and I would reverse the order revoking probation.